**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed March 24, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-15-00229-CV

### NO. 14-15-00230-CV

### NO. 14-15-00231-CV

## IN RE NATHANIEL JONES, III, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**133rd District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 2013-18938, 2013-25626 & 2013-25627**

## MEMORANDUM OPINION

On March 2, 2015, relator Nathaniel Jones, III filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Harris County District Clerk to comply with this Court's February 5, 2015 order

directing the district clerk to file in this Court the record regarding expunction proceedings.

Relator filed a previous petition for writ of mandamus, requesting that we compel the Honorable Jaclanel McFarland, presiding judge of the 133rd District Court of Harris County, to rule on his requests for the clerk to deliver to relator all files and records pursuant to a December 13, 2013 agree expunction order. We denied that petition on December 9, 2014, because relator not provided any of the documents material to his claim for relief that were filed in the underlying proceeding. *See In re Nathaniel Jones, III*, Nos. 14-14-00952-CV, 14-14-00953-CV & 14-14-00954-CV, 2014 WL 6923338 (Tex. App.—Houston [14th Dist.] Dec. 9, 2014, orig. proceeding) (mem. op.).

After we denied relator's petition, relator filed two motions for extension of time to file his motion for rehearing. We granted both motions and extended the filing date to January 30, 2015, and February 27, 2015. Relator never filed a motion for rehearing despite the two extensions granted to him.

On January 20, 2015, relator filed a motion requesting that we direct the district clerk to provide him either the original expunction record or a copy of the record. On February 5, 2015, we issued an order directing the district clerk to file the record relating to the expunction proceedings in this court on or before February 5, 2015. The district clerk filed the requested record on March 10, 2015.

The record shows that the trial court signed an agreed order on December 13, 2013, directing that "the respondents shall return all records and files concerning the above-specified arrests to this Court, or if removal is impracticable, obliterate all portions of the records or files that identify the petitioner, including

2

all computer entries, and notify the court of its action." The trial court further ordered that "the Clerk shall deliver to the petitioner or petitioner's attorney, on request, all files and records returned to it pursuant to this order." Also included in the record are two letters relator wrote to the district clerk requesting that the returned records be provided to relator.

On March 2, 2015, before the record was filed in this Court, relator filed the current petition for writ of mandamus, asking that we compel the district clerk to comply with our February 5, 2015 order and file record.

We lack jurisdiction to consider relator's petition for two reasons. First, we do not have jurisdiction over the district clerk. This Court's mandamus jurisdiction is governed by Section 22.221 of the Texas Government Code. Section 22.221 expressly limits the mandamus jurisdiction of the courts of appeals to: (1) writs against a district court judge or a county court judge in the court of appeals' district, and (2) all writs necessary to enforce the court of appeals' jurisdiction. Tex. Gov't Code Ann. § 22.221. The district clerk is not a district court or county court judge in this Court's district, and relator has not shown that the issuance of a writ compelling the requested relief is necessary to enforce this Court's appellate jurisdiction. Second, the district clerk's filing of the expunction record renders relator's request for relief moot.

Accordingly, relator's petition for writ of mandamus is ordered dismissed for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Jamison, Busby, and Brown.

3